# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

## No. 99-11084
## Summary Calendar
_____


**SYDNEY ANN STUART,**
**formerly known as**
**Sydney Ann Howell,**

                                    **Plaintiff-Appellant,**

                    **versus**

**L.C. HAMMOND; L. MOSES,**
**# 2302,**

                                    **Defendants-Appellees.**

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-197-D
--------------------
June 2, 2000

Before JONES, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Sydney Ann Stuart, formerly known as Sydney Ann Howell, argues that the district court erred in granting the defendant police officers' motion for summary judgment and dismissing her 42 U.S.C. § 1983 complaint alleging that she had been arrested based on an invalidly issued warrant and without probable cause.

Our review of the record reflects that Stuart did not demonstrate that the affidavit supporting the arrest warrant, which was prepared by Officer Hammond based on information discovered by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Officer Moses during his investigation, stated a deliberate falsehood or was prepared with reckless disregard for the truth. See Hale v. Fish, 899 F.2d 390, 400 n.3 (5th Cir. 1990). The error contained in the affidavit with respect to the date of the offense was clearly the result of negligence. Mere negligence is insufficient to support a constitutional violation. See Sanders v. English, 950 F.2d 1152, 1159 (5th Cir. 1992).

Further, the totality of the circumstances showed that the information in the affidavit was based on a reliable source who had provided Officer Moses with truthful information in the past. See Illinois v. Gates, 462 U.S. 213, 238 (1983). Stuart did not come forth with any evidence to dispute the pharmacist's assertion that the doctor's office had denied that the doctor had refilled Stuart's prescription. The complaint filed by the pharmacy was sufficient to provide a substantial basis for concluding that probable cause existed for Stuart's arrest for fraudulently obtaining a prescription for a controlled substance. See Jones v. United States, 362 U.S. 257, 269 (1960).

Because Stuart failed to demonstrate that her arrest arose out of a violation of her constitutional rights, the district court did not err in granting the defendants' motion for a summary judgement.

**AFFIRMED.**